UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GREGORY JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-CV-111 JMB |
| ) | |
| BOB HOLDER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 008165), an inmate at Dunklin County Jail, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will not assess an initial filing fee at this time. Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates that he only has $.10 in his prison account at this time. Accordingly, the Court will not assess an initial partial filing fee at this time.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams,* 490 U.S. 319, 328 (1989); *Denton v. Hernandez,* 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Plaintiff also brings supplemental state law claims against defendants pursuant to 28 U.S.C. § 1367. Named as defendants in this action are: Bob Holder (Sheriff, Dunklin County); Nicole Green (Jail Administrator, Dunklin County Justice Center); Jimmy Smith (Asst. Jail Administrator); Ashley Green (Nurse); and Dunklin County Justice Center. Plaintiff brings this action against defendants in their individual and official capacities.

Plaintiff states that he arrived at the Dunklin County Jail on June 7, 2017. He claims that he was booked and taken to Pod I, cell #104. Plaintiff asserts that he has suffered with a seizure disorder since he was 19, and he has had to take medications to control his seizures. He claims that around 1:00 am on June 29, 2017, he had a seizure in his cell. He claims that he awoke after the seizure and found himself on the floor of his cell, having fallen from his bunk. Plaintiff claims that his left shoulder was hurt, the left side of his face was purple and swollen and he was fearful.

Plaintiff claims that after waking up he immediately asked to speak to a nurse, but that there was no nurse on duty at the Dunklin County Jail. He asserts that the unnamed officer on duty merely told him to put in a "sick call request," despite him having been unconscious for "several hours."

Plaintiff states that since the time he had the seizure he has suffered from constant pain and migraines, but his requests for treatment to Nicole Green, Jimmy Smith and Ashley Green have been denied and ignored. Plaintiff asserts that these defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. He also claims that they were negligent to his needs, and he asserts a state law claim of intentional infliction of emotional distress.

Plaintiff additionally asserts that there really is no "sick call procedure" at the Dunklin County Jail. He claims that the only "nurse" at the Jail is Ashley Green, the wife of Nicole Green, the Jail Administrator. Plaintiff states that Ashley Green does not conduct medical rounds or have a sick call procedure in place and does not pass out medications. He asserts that she leaves the medication dispensation to the correctional officers who do not have a medical background. Plaintiff asserts that if an inmate has a serious medical injury, he is not taken to an

outside hospital, nor is 911 called; instead the correctional officers take the inmate to "medical observation" near the booking area.

Plaintiff claims that on the weekends Ashley Green is not available at all, even for a medical emergency, and there are no emergency buttons in the cells. In this way, plaintiff claims that the Jail has an overall custom and policy of failing to provide adequate medical care to the inmates kept at the Dunklin County Jail.

Plaintiff seeks damages and injunctive relief in this action.

**Discussion**

The Court believes plaintiff has alleged enough facts to state a claim for deliberate indifference to his medical needs in violation of the Eighth Amendment with respect to the individually named defendants. Moreover, with regard to these defendants, plaintiff has also alleged enough facts for a custom or policy claim for deliberate indifference to medical care. Thus, the Court will issue process on plaintiff's official capacity claims with regard to the individual defendants. Plaintiff's state law supplemental claims have also survived initial § 1915 review.

The Court will, however, dismiss plaintiff's claim against the Dunklin County Justice Center. Plaintiff's claim against the Dunklin County Justice Center is legally frivolous because it cannot be sued. *See Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

Furthermore, plaintiff's claims for injunctive relief will be denied, without prejudice, at this time. His motion for appointment of counsel will also be denied. Plaintiff has shown from his pleading that he has the ability to pursue his claims in his action by himself at this time. And the claims are straightforward an uncomplicated. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984).

To determine whether preliminary injunctive relief is warranted, the Court must balance the threat of irreparable harm to movant, the potential harm to the nonmoving party should an injunction issue, the likelihood of success on the merits, and the public interest. *Dataphase Sys. v. CL Sys.*, 640 F.2d 109, 113-14 (8th Cir. 1981) (en banc). "A preliminary injunction is an extraordinary remedy, and the burden of establishing the propriety of an injunction is on the movant." *Watkins, Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) (citations omitted). "The party seeking injunctive relief bears the burden of proving all the *Dataphase* factors." *Id.*

Plaintiff's requests for injunctive relief [Doc. #5 and #9] do not illustrate a threat of irreparable harm to plaintiff at this time. For example, in his motion for preliminary injunction [Doc. #5], which was written simultaneously with his complaint, plaintiff seeks a mandatory injunction from this Court requiring defendants to take him for a MRI or a CT scan for a check of his seizure activity. Plaintiff also asks to have the pain in his shoulder and his migraines treated at a medical center, which occurred as a result of the seizure on June 7, 2017. Plaintiff does not state in his motion that he fears that if he doesn't get treatment at a medical center he will suffer from immediate and unnecessary harm. He merely asks for outside medical treatment. Additionally, although at one place in his complaint he states he was in medical observation, he does not tell the Court exactly what type of medical treatment he has received for his seizures, if any at all. Moreover, plaintiff has failed to tell the Court whether defendants have even examined his shoulder or provided him with any treatment for his migraine headaches. The Court cannot order outside treatment prior to knowing this information.

In his temporary restraining order, plaintiff asks the Court to prohibit defendant from destroying evidence of his stay in a "medical isolation cell" on July 25, 2017 through July 27, 2017. Plaintiff believes there is video evidence at the Jail that will show he suffered a seizure on this date. [Doc. #9]

Defendants have the burden of keeping all relevant evidence at the time they have notice that a matter could be the subject of litigation. Plaintiff filed this action at the beginning of July, prior to being taken into an isolation cell. Thus, it is unnecessary for the Court to issue a mandatory injunction on the basis that defendants "preserve evidence." Moreover, as noted above, plaintiff has not established the propriety of a mandatory injunction at this time regarding an order from this Court to defendants to provide plaintiff an MRI and/or CT scan for a check on his seizure activity. Thus, plaintiff's motions for injunctive relief will be denied at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court will not assess an initial filing fee at this time.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Bob Holder, Nicole Green, Jimmy Smith and Ashley Green in their official and individual capacities. Defendants shall be served by issuance of summons and service by the U.S. Marshal's Office.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Bob Holder, Nicole Green, Jimmy Smith and Ashley Green shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendant the Dunklin County Justice Center because, as to this defendant, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motions for injunctive relief [Doc. #5 and #9] are **DENIED at this time**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #8] is **DENIED at this time**.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 11th day of December, 2017.

*/s/ Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE