UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GREGORY JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:17-CV-111 JMB ) |
| BOB HOLDER, et al., | ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Before the Court is plaintiff Gregory Jones' "Motion to Reinstate Dunklin County as Defendant." In his motion, plaintiff requests that the Court "reinstate his official capacity *Monell* damages claim against defendants under 'County of Dunklin MO' instead of 'Dunklin County Justice Center.'" Plaintiff's motion will be denied.

### **Background**

Plaintiff, an inmate at Dunklin County Jail, filed the instant action pursuant to 42 U.S.C. § 1983 on July 17, 2017, alleging violations of his civil rights. Plaintiff also alleges supplemental state law claims against defendants pursuant to 28 U.S.C. § 1367.

In his complaint, plaintiff names as defendants in this action, Sheriff Bob Holder, Jail Administrator Nicole Green, Assistant Jail Administrator Jimmy Smith, Nurse Ashley Green and the Dunklin County Justice Center. Plaintiff brings his lawsuit against defendants in their individual and official capacities.

Plaintiff alleges in his complaint that in June of 2017 he suffered from a seizure at the Dunklin County Jail and was denied medical treatment from the injuries that occurred as a result of his seizure. Plaintiff alleges that defendants acted in violation of the Eighth Amendment and were negligent to his needs. Plaintiff also asserts a state law claim of intentional infliction of

emotional distress. Plaintiff additionally asserts that defendants have a "custom and practice" of denying and failing to provide proper medical care at the Dunklin County Jail.

On December 11, 2017, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and for failure to state a claim upon which relief may be granted. The Court issued process on all of plaintiff's claims for relief except his claims against Dunklin County Jail. *See Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").[1]

**Discussion**

In light of plaintiff's motion, the Court has reviewed plaintiff's complaint in order to determine whether plaintiff named Dunklin County, Missouri, as a defendant in this action at the outset. Indisputably, plaintiff did not name Dunklin County as a defendant in his original complaint. And the Court will not allow plaintiff to add parties to this action by interlineation or supplementation. *See Popoalii v. Correctional Medical Services,* 512 F.3d 488, 497 (8th Cir.2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amendment was not submitted with the motion).

Furthermore, it is apparent that plaintiff does not understand the nature of a true *Monell* claim, as the Court has allowed his official capacity claims against the individual defendants in this action to go forward. Naming a government official in his or her **official capacity** is the equivalent of naming the **government entity** that employs the official. Thus, to state a claim against Dunklin County, plaintiff need only allege that a policy or custom of Dunklin County Jail is responsible for the alleged constitutional violation. *See Monell v. Department of Social*

---

[1]The Court denied plaintiff's request for preliminary injunctive relief, in that his request for an MRI or CT scan could not be sustained at this time, as plaintiff could not show a threat of irreparable harm. The Court also denied plaintiff's request for appointment of counsel.

*Services*, 436 U.S. 658, 690-91 (1978). Plaintiff made such a claim in his complaint by alleging that defendants have a "custom and practice" of denying and failing to provide proper medical care at the Dunklin County Jail. The Court issued process on this official capacity claim against all of the individual defendants in this case. Thus, plaintiff has effectively sued the individual defendants' employer – Dunklin County, Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to "Motion to Reinstate Dunklin County as Defendant" [Doc. #12] is **DENIED**.

/s/ ***John M. Bodenhausen***
UNITED STATES MAGISTRATE JUDGE

Dated this 4th day of January, 2018.