UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GREGORY JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-CV-111 CAS |
| | ) |
| BOB HOLDER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Ashley Grisham's (named in the complaint as Ashley Green) Motion to Dismiss for Failure of Plaintiff to Comply with Court Order, filed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The pro se prisoner plaintiff, Gregory Jones, has not responded to the motion to dismiss and the time to do so has passed. The motion will be denied without prejudice for the following reasons.

Defendant moves to dismiss this case with prejudice on the basis that the Case Management Order ("CMO") issued January 31, 2018 (Doc. 26) orders the parties to file initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1)(A)(ii) by February 28, 2018. Defendant states although the defendants have complied with the CMO, plaintiff has failed to comply as he has not provided the defendants with any discovery or initial disclosures as ordered. Defendant moves for dismissal with prejudice on the basis that plaintiff has failed to comply with a Court order, and asserts that his non-compliance has prejudiced her in her ability to prepare her defenses to plaintiff's claims.

Rule 41(b) of the Federal Rules of Civil Procedure permits dismissal with prejudice "[f]or failure of a plaintiff to prosecute or to comply with these rules or any order of court." Fed. R. Civ.

P. 41(b). Despite the breadth of this language, the Eighth Circuit has "recognized that dismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." Hunt v. City of Minneapolis, 203 F.3d 524, 527 (8th Cir. 2000). Any sanction imposed by a district court under Rule 41(b) must be proportionate to the litigant's transgression. Rodgers v. Curators of the Univ. of Missouri, 135 F.3d 1216 (8th Cir. 1998). Because dismissal with prejudice is an extreme sanction, the Eighth Circuit has admonished district courts that "this ultimate sanction should only be used when lesser sanctions prove futile." DiMercurio v. Malcom, 716 F.3d 1138, 1140 (8th Cir. 2013); see Bergstrom v. Frascone, 744 F.3d 571, 574-75 (8th Cir. 2014) (district court abused its discretion in dismissing case with prejudice, without considering lesser sanctions). "Under Rule 41(b), the focus is foremost on the egregiousness of the plaintiff's conduct, and only to a lesser extent on the prejudice to the defendant or the administration of justice in the district court." Burgett v. The General Store No Two, Inc., 2018 WL 1444200, at *1, __ F. App'x __ (8th Cir. Mar. 23, 2018) (unpublished per curiam) (citing Doe v. Cassel, 403 F.3d 986, 990 (8th Cir. 2005) (per curiam)).

Defendant is correct that a pro se litigant is not excused from complying with court orders or substantive and procedural law, "even without affirmative notice of the application of the rules to his case." Bennett v. Dr. Pepper/Seven Up, Inc., 295 F.3d 805, 808 (8th Cir. 2002). Pro se litigants such as the plaintiff in this case are bound by same litigation rules as lawyers, particularly when fulfilling simple requirements of discovery. Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000) (per curiam). Plaintiff must comply with the Court's orders if he wishes to prosecute his case.

Defendant's motion to dismiss plaintiff's case with prejudice because he has not provided initial disclosures within the time required by the CMO is not proportionate to plaintiff's transgression, however. Defendant asks for an extreme sanction in the absence of evidence of willful disobedience or a pattern of intentional delay. Because defendant's motion does not ask for the possibility of a lesser, more proportionate sanction, see Fed. R. Civ. P. 37(b)(2), it will be denied without prejudice.

Plaintiff should not interpret the Court's ruling as excusing his failure to comply with the Case Management Order's directions. Plaintiff's case may ultimately be dismissed or other types of sanctions may be imposed against him if plaintiff continues to fail to comply with the Court's order.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Ashley Grisham's, sued as Ashley Green, Motion to Dismiss for Failure of Plaintiff to Comply with Court Order is **DENIED without prejudice**. [Doc. 29]

*[signature]*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  26th  day of March, 2018.