# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| GREGORY JONES, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:17-CV-111 CAS |
| BOB HOLDER, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Ashley Grisham's (named in the complaint as Ashley Green) Motion to Stay Further Proceedings Until the Court's Case Management Order Requiring Parties to File Initial Disclosures is Obeyed by Plaintiff, filed pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure. The pro se prisoner plaintiff, Gregory Jones, has not responded to the motion and the time to do so has passed. The motion will be denied without prejudice for the following reasons.

Defendant moves to stay the discovery deadlines set forth in the Case Management Order ("CMO") of January 31, 2018, until plaintiff files his initial disclosures. The CMO orders the parties to file initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1)(A)(ii) by February 28, 2018. Defendant states although the defendants have complied with the CMO, plaintiff has failed to comply as he has not provided the defendants with any discovery or initial disclosures as ordered. Defendant asserts that a "stay of discovery is appropriate in order to avoid the adverse affect [sic] and prejudice" to her if a stay is not granted. Mot. at 2.

Rule 37(b) of the Federal Rules of Civil Procedure permits the imposition of sanctions if a party fails to obey an order to provide or permit discovery. However, there must be an order under

Rule 37(a) in effect, and not merely the scheduling order, before a Rule 37(b) sanction may be imposed by a trial court. Holmes v. Trinity Health, 729 F.3d 817, 820-21 (8th Cir. 2013) (citing Chrysler Corp. v. Carey, 186 F.3d 1016, 1019 (8th Cir. 1999) ("In order to impose sanctions under Rule 37, there must be an order compelling discovery, a willful violation of that order, and prejudice to the other party."); Dependahl v. Falstaff Brewing Corp., 653 F.2d 1208, 1213 (8th Cir. 1981) ("We recognize that a Rule 37(b) sanction should not be imposed by the trial court unless a Rule 37(a) order is in effect. . . . [A] Rule 37(a) order insures that the party failing to comply with discovery is given adequate notice and an opportunity to contest the discovery sought prior to the imposition of sanctions." (citation omitted); also citing R.W. Int'l Corp. v. Welch Foods, Inc., 937 F.2d 11, 15-16 (1st Cir. 1991) (concluding that a scheduling order was not a "suitable surrogate for a Rule 37(a) order")).

Although defendant moves to stay discovery rather than seeking some other form of sanction, no sanction under Rule 37(b) is appropriate until there is first an order in effect pursuant to Rule 37(a) that a party has failed to obey. Holmes, 729 F.3d at 820-21. Defendant's motion will therefore be denied without prejudice.

Defendant is reminded that she must comply with the requirements of Local Rule 3.04(A) and Federal Rule of Civil Procedure 37(a)(1), which require a certification of a good-faith effort to resolve prior to filing any motion to compel discovery or disclosure. If as a result of plaintiff's incarceration defendant is unable to confer with plaintiff by telephone as the Local Rule requires, defendant can write to plaintiff to attempt to resolve the dispute, and must do so prior to filing a motion to compel.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Ashley Grisham's, sued as Ashley Green, motion to stay further proceedings pursuant to Rule 37(b), Fed. R. Civ. P., is **DENIED without prejudice**. [Doc. 32]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __10th__ day of April, 2018.