# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| GREGORY JONES, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:17-CV-111 CAS |
| BOB HOLDER, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This prisoner civil rights case is before the Court on separate motions to compel plaintiff's initial disclosures filed by defendants Bob Holder, Nicole Green, and Jimmy Smith (Doc. 35), and defendant Ashley Grisham[1] (Doc. 37), and defendants Holder, Green, and Smith's motion to compel plaintiff's responses to their First Set of Interrogatories and First Request for Production of Documents (Doc. 39). Pro se plaintiff Gregory Jones has not responded to any of the motions and the time to do so has passed. The motions will be granted to the extent set forth below.

I. Motions to Compel Initial Disclosures

The defendants separately move to compel plaintiff to provide initial disclosures pursuant to Rule 37(a)(1) and 37(a)(3)(A), Federal Rules of Civil Procedures. The defendants state that the Case Management Order required the parties to submit their initial disclosures by February 28, 2018, and that all of the defendants have submitted their initial disclosures to plaintiff, but plaintiff has failed to submit his initial disclosures to the defendants. Defendants' counsel certify they attempted in good faith to comply with E.D. Mo. Local Rule 3.04 by writing letters to plaintiff to notify him

---

[1]This defendant is named in the complaint as Ashley Green. The Court will refer to the defendant as Ashley Grisham.

that his initial disclosures are overdue and to request that plaintiff submit his initial disclosures within a specific time, but plaintiff has failed to respond and has not submitted initial disclosures.[2]

Defendants assert that plaintiff's failure to submit his initial disclosures as ordered by the Court extremely prejudices them in their ability to defend this lawsuit, as it deprives them of the opportunity to fully evaluate plaintiff's claims, to determine what additional discovery should be conducted, and to develop the necessary facts to support the filing of a motion for summary judgment. Defendants also assert they have been required to incur significant attorney's fees in preparing and filing their discovery motions and memoranda in support.

The Court issued a Case Management Order (Scheduling Order) - Track 5: Prisoner Standard on January 31, 2018. Among other deadlines, the Court ordered that by February 28, 2018, each party must disclose to the other parties the following:

> (A) Plaintiff shall submit to defendants a list, including addresses, of all persons having knowledge or information of the facts giving rise to plaintiff's claim.
>
> (B) Plaintiff shall submit to defendants all documents that plaintiff believes mention, relate to, or in any way support plaintiff's claim.
>
> (C) Defendants shall submit to the plaintiff a list of the names and home or business addresses of all persons having knowledge or information of the facts giving rise to plaintiff's claim, subject to the following exception. In the case of persons no longer employed by the relevant governmental or other entity, defense counsel may, in lieu of providing an address, state that the person may be contacted through defense counsel; defendants shall provide home and business addresses for such persons to the United States Marshal on an ex parte basis, if requested by the Marshal or ordered by the Court.
>
> (D) Defendants shall provide a description, by category and location, of all documents which are relevant to the facts giving rise to plaintiff's claim. Defendants shall, at their option, provide copies of the described documents to the plaintiff, or

---

[2]Where defendants' counsel was unable to confer with plaintiff by telephone or in person as required by Local Rule 3.04 because of plaintiff's incarceration, communication by letter in a good-faith effort to resolve the discovery dispute constitutes adequate compliance with the Local Rule's requirements.

> allow plaintiff to inspect the documents and obtain copies, with the following exceptions. Defendants need not produce individual files of prisoners who are not parties to the action. Defendants may object to the disclosure of documents by serving written objections upon the plaintiff, in lieu of producing the documents to which the objections apply.

Case Management Order at 1-2 (Doc. 26). The Case Management Order specifically cautioned, "Failure to make the above disclosures may result in sanctions, including dismissal, entry of default judgment or any other sanction that the Court deems just." Id. at 2.

A pro se litigant is not excused from complying with court orders or substantive and procedural law "even without affirmative notice of the application of the rules to his case." Bennett v. Dr. Pepper/Seven Up, Inc., 295 F.3d 805, 808 (8th Cir. 2002). Pro se litigants are bound by the same litigation rules as are lawyers, particularly when fulfilling the simple requirements of discovery. Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000) (per curiam).

Defendants move for issuance of an order compelling plaintiff to submit his initial disclosures within ten (10) days or face dismissal of this suit. Defendants also seek their attorney's fees incurred in preparing the motions to compel. The Court finds that defendants' motions to compel plaintiff to produce initial disclosures should be granted, as plaintiff must comply with the Court's orders, discovery requirements, the Federal Rules of Civil Procedure, and this Court's Local Rules if he wishes to prosecute this action. Defendants' request for attorney's fees will be denied. The reason for plaintiff's failure to comply is unknown, and there is no indication the indigent plaintiff has any ability to pay attorney's fees, so the circumstances make an award of expenses unjust. See Rule 37(a)(5)(A)(ii), (iii).

    II. <u>Motion to Compel Responses to Interrogatories and Requests for Production (Doc. 39)</u>

Defendants Holder, Green, and Smith move pursuant to Rule 37, Fed. R. Civ. P., to compel plaintiff to respond to their First Set of Interrogatories and First Request for Production of

Documents. Defendants state they served interrogatories and a request for production of documents on plaintiff via U.S. mail on April 4, 2018, and that plaintiff has failed to respond within 30 days as required by Rules 33 and 34, Fed. R. Civ. P. Defendants' counsel certifies that he attempted in good faith to comply with E.D. Mo. Local Rule 3.04 by writing a letter to plaintiff to notify him that his answers to the interrogatories and document production were overdue, and to request that plaintiff submit his discovery responses within seven days, but plaintiff failed to respond and has not provided the requested discovery.

Defendants move for an order compelling plaintiff to fully and completely answer defendants' interrogatories without objection, and to produce the documents requested in defendants' request for production of documents without objection, within 10 days. The Court finds that defendants' motion to compel should be granted. Defendants' request for attorney's fees will be denied for the reasons stated above.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Holder, Green, and Smith's, and defendant Grisham's motions to compel plaintiff to submit initial disclosures are **GRANTED**. [Docs. 35, 37]

**IT IS FURTHER ORDERED** that by **June 8, 2018**, plaintiff shall submit the following to the defendants: (1) a list, including addresses, of all persons having knowledge or information of the facts giving rise to plaintiff's claims; and (2) all documents that plaintiff believes mention, relate to, or in any way support plaintiff's claims.

**IT IS FURTHER ORDERED** that defendants Holder, Green, and Smith's motion to compel plaintiff's responses to their First Set of Interrogatories and Request for Production of Documents is **GRANTED**. [Doc. 39]

**IT IS FURTHER ORDERED** that by **June 8, 2018**, plaintiff shall provide full and complete responses to defendants Holder, Green, and Smith's First Set of Interrogatories, without objection.

**IT IS FURTHER ORDERED** that by **June 8, 2018**, plaintiff shall provide all of the documents requested in defendants Holder, Green, and Smith's Request for the Production of Documents, without objection.

**IT IS FURTHER ORDERED** that defendants' requests for attorney's fees and expenses are **DENIED.**

**Plaintiff's failure to comply timely and fully with this Order may result in the imposition of appropriate sanctions as set forth in Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii), Rule 37(c)(1)(A)-(C), and Rule 37(d), including but not limited to dismissal of this case**.

_[signature]_
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  25th  day of May, 2018.